UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNN S. GOSSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-00088-TWP-DKL |
| | ) |
| CAROLYN W. COLVIN, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR AUTHORIZATION OF
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

This matter is before the Court on Plaintiff Lynn S. Gossett's ("Mr. Gossett") Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) ("Fee Petition") (Filing No. 40). In 2007, Mr. Gossett applied for Social Security Disability Insurance Benefits due to his emotional impairments. His application was denied initially, on reconsideration, and again by the Administrative Law Judge. The Appeals Council denied Mr. Gossett's request for review. Mr. Gossett then requested judicial review of the Commissioner's decision on January 19, 2011 (Filing No. 1). The Court affirmed the decision of the Commissioner (Filing No. 25), and Mr. Gossett appealed to the Seventh Circuit Court of Appeals. (Filing No. 27).

The Seventh Circuit vacated this Court's judgment and remanded the case with instructions to order a "sentence six" remand to the Commissioner (Filing No. 38). Mr. Gossett received a favorable judgment when this Court remanded his case for further administrative proceedings (Filing No. 39). Mr. Gossett's counsel, Timothy J. Vrana ("Mr. Vrana"), then filed the Fee Petition pursuant to 42 U.S.C. § 406(b). For the following reasons, Mr. Gossett's Fee Petition is **GRANTED**.

## I. DISCUSSION

In cases involving a claim for Social Security Disability Insurance Benefits, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Mr. Gossett received a favorable judgment from the Court and was represented by an attorney before this Court and the Seventh Circuit. Mr. Vrana, Mr. Gossett's counsel, seeks compensation for 77.50 hours of attorney time at a rate of $245.63 per hour for a total fee request of $19,036.00, which is 25% of the total past-due benefits owed to Mr. Gossett. The Commissioner does not object to the requested hourly rate, the amount of time expended, or the total fee request. Instead, the Commissioner objects to an award of attorney fees without the Court's determination that the amount awarded is reasonable, which the Commissioner argues requires counsel's time log and disclosure of his non-contingent rate.

In determining whether an award of attorney fees is reasonable, the Supreme Court has noted that, to aid in its determination, the district court may require the petitioning attorney to submit a statement of the lawyer's normal hourly billing rate for non-contingent cases and a record of the hours spent representing the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Mr. Gossett's counsel has the burden of establishing that the amount of attorney fees requested is reasonable. *Id.* at 807. In this case, Mr. Vrana did not include with his initial brief his normal hourly billing rate for non-contingent cases or his time log. In her response, the Commissioner argues that the absence of these documents is an impairment on the Court's ability to determine whether Mr. Gossett's request for attorney fees is reasonable. However, Mr. Vrana submitted his

normal hourly billing rate for non-contingent cases and his time log with his reply brief to the Commissioner's response.

After reviewing the documents, the Court finds that the amount of attorney fees requested is reasonable. There is no indication that Mr. Vrana delayed the litigation to increase the amount of past-due benefits to in turn increase his fee amount. He was diligent in prosecuting the case in this Court and at the Seventh Circuit. The case required a more significant time investment than is typical for Social Security matters, and Mr. Gossett took an appeal of the case to the Seventh Circuit, where Mr. Vrana was required to travel to Chicago from Indianapolis for oral argument. Mr. Vrana was successful in obtaining a favorable judgment for Mr. Gossett following the appeal. Mr. Vrana's normal hourly billing rate for non-contingent cases in 2011 was $190.00 per hour and $200.00 per hour in 2012 and 2013. His request in this case amounts to $245.63 per hour, which is not a significant departure from his normal hourly rate. Considering the appeal and result in this case, Mr. Gossett's attorney fees request is reasonable.

## II. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Mr. Gossett's Fee Petition pursuant to 42 U.S.C. § 406(b). The Court finds that 77.50 hours of attorney time at a rate of $245.63 per hour for a total fee of $19,036.00 is reasonable in this case.

**SO ORDERED.**

Date: 9/16/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

3